UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANCE WALZIER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1578 |
| | § | |
| JOHN DOE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Vance Walzier has filed a motion for a preliminary injunction, seeking an order that prison officials remove him and similarly situated inmates from job assignments that pose risks to their health. Walzier contends that he has health issues that place him at high risk of heat related illness, and that his work assignment on the prison field force places him at undue risk. He further complains that prison officials take race into consideration in assessing prisoners' medical needs, and complains about the use of the prison disciplinary process to compel him to perform his job assignment.

There are four prerequisites for the extraordinary relief of a preliminary injunction. A court may grant a preliminary injunction only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citing *Byrum v. Landreth,* 566 F.3d 442, 445 (5th Cir. 2009). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Bluefieid Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

Because a preliminary injunction is considered "an extraordinary remedy," it is not granted routinely, "but only if the party seeking the injunction has clearly carried the burden of persuasion on all four elements." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 364 (5th Cir. 2003)(internal quotation marks and citation omitted). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Id.* at 363. Even when a movant establishes each of the four *Janvey* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Id.* at 363-64.

To grant injunctive relief

> the district court must have both subject matter jurisdiction and in personam jurisdiction over the party against whom the injunction runs, and, when that party is the defendant, this implies either voluntary appearance by him or effective service of process. The district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction, and an order granting an interlocutory injunction in these circumstances is erroneous as a matter of law.

*Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470 (5th Cir. 1985) (internal quotation marks and citations omitted).

Plaintiff's motion does not identify any defendant by name. While plaintiff attached an affidavit to his motion for a preliminary injunction naming specific nurse practitioners who, he claims, refused his request for a heat restriction on the basis of his race, none of these individuals is named as a defendant anywhere in the motion Walzier used to initiate this action. *See* Doc. # 1 (naming as defendants "John Doe," "Prison Physician," and "Chairperson of Classification"). Moreover, he fails to make any showing that the nurse practitioners have any authority to remove

him from his work assignment. Because Walzier has not identified any defendant who can be served with process or who can provide the relief he seeks, and because no such person has voluntarily entered an appearance in this case, this Court lacks the personal jurisdiction necessary to grant the relief that Walzier seeks. Accordingly, it is ORDERED that Walzier's motion for a preliminary injunction (Doc. # 1) is DENIED.

It is so ORDERED.

SIGNED on this 23rd day of July, 2018.

_____
Kenneth M. Hoyt
United States District Judge